FILED
SUPERIOR COURT
OF GUAM

2014 DEC 15 AM 9: 56

SUPERIOR COURT OF GUAM

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0358-14 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | DECISION AND ORDER |
| | ) | |
| | ) | |
| JORDAN JAY CHARGUALAF, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter came before the Honorable Judge Michael J. Bordallo on December 12, 2014 for an evidentiary hearing concerning the violation of Defendant's pretrial conditions. Defendant was represented by Assistant Public Defender Maria Fitzpatrick. The People of Guam were represented by Assistant Attorney General Elizabeth Vasiliades. Having considered the evidences presented the Court now enters the following order: revoking the terms of Defendant's pretrial release and re-setting a cash-secured bail in the amount of $5,000.00.

## BACKGROUND

On July 18, 2014, a magistrate complaint was filed accusing Defendant of committing the following crimes on or about the 16th day of July 2014: 1) Possession of a Firearm without an Identification Card, as a 3rd Degree Felony, and 2) Criminal Mischief, as a Misdemeanor. On July 28, 2014, an indictment was entered charging Defendant with the same charges listed in

the Magistrate's complaint. The indictment indicated that each charge also arose out of events that occurred on July 16, 2014. At the arraignment hearing Defendant was released on his own recognizance and a $5,000.00 unsecured personal recognizance bond. Defendant's release was conditioned upon reporting to probation three times each week, not contacting the victims and the standard conditions of release.

On August 29, 2014, a superseding indictment was filed charging Defendant with: 1) Possession of a Firearm without a Firearms Identification Card, as a 3rd Degree Felony; 2) Criminal Mischief, as a 3rd Degree Felony; and 3) two counts of Family Violence, as a 3rd Degree Felony, with Special Allegation: Possession and Use of a Deadly Weapon in the Commission of a Felony. On September 2, 2014, Defendant was released on the same conditions as previously set.

Subsequent to his September 2, 2014, release, a paper entitled 2nd violation report was filed asserting:

> That the defendant failed to refrain from contacting the victim, Ms. Jolene Cruz, in person, through a third party, by telephone, by letter, or otherwise. On September 16, 2014, Ms. Cruz reported to the Probation Office and submitted a declaration indicating that the defendant is alleged to have contacted her through private messaging on Facebook.

*People v. Chargualaf*, CF0358-14, Decision and Order (Super. Ct. Sept. 22. 2014). Additionally, on October 14, 2014, a paper entitled 3rd Violation Report was filed asserting:

> That on September 16, 2014, the Court placed the defendant on house arrest, with prior orders of release conditions to remain in effect. Numerous attempts to contact the defendant at home, via telephone, have been unsuccessful by the Probation Office. On October 10, 2014, a voice mail message was left for defendant to return my call. On October 13, 2014, a message was left with the defendant's brother, Justin, to have the defendant return my call. Later that same day, another voicemail message was left, requesting the defendant return my call. To date, no phone calls were returned, nor has the defendant reported to the Probation Office to meet with me.

*Id.* at 2nd Violation Report at 1 (Super. Ct. Oct. 14, 2014). Subsequent to the filing of these two papers the People have requested that Defendant's pretrial conditions be revoked. Pursuant to this request the Court on December 2, 2014 held an evidentiary hearing to resolve the request.

## DISCUSSION

Sections 40.65 and 40.75 of the Guam Code regulate when a person who is charged with criminal offenses may be taken back into custody after he has been released pending trial. 8 GCA §§ 40.65 and 40.75 (2013). These sections provide,

§40.65

Upon the *ex parte* application of the prosecuting attorney and a showing that the person charged has willfully violated the conditions of his release, any judge may issue a warrant directing that the person be arrested and taken forthwith before the court in which the action is pending.

§40.75

When a person is brought before the court pursuant to §§ 40.65 or 40.70, or, when after a noticed hearing, the court finds that a person released pursuant to this Chapter has willfully violated the conditions imposed on his release or that a change in circumstances or new evidence shows a need for the imposition of different or additional conditions upon the person's release, the court may order the imposition of such conditions as are reasonably necessary to assure the person's appearance as required (and his compliance with any conditions imposed pursuant to this Chapter).

*Id.* In 2011 the Guam Supreme Court reviewing these sections held that, "any modification made pursuant to sections 40.50, 40.60, or 40.75 must be made in accordance with the mandates of sections 40.15 and 40.20, with the only permissible goals being to reasonably assure the person's presence as required and to ensure the safety of any person or the community." *Guam v. Song*, 2011 Guam 19 ¶ 21.

From the evidences presented at the hearing in this matter the Court finds that the Defendant was aware of the Court's September 2, 2014, order and condition of his pretrial release, that he stay away from and not contact Jolene Cruz, and that he intentionally violated

this order when he contacted her through Facebook and approached her at the pier in Merizo. Pursuant to *Song* the Court considering the factors listed in Section 40.15 of Title 8 of the Guam Code,[1] finds that revoking the Defendant's pretrial release terms and re-setting the bail amount to a $5,000.00 cash-secured bond are sufficient to protect and balance the needs and rights of the potential victim, the community and the Defendant.

//

//

---

[1] Salient to the Court analysis are the following factors listed in 8 GCA § 40.15:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:

(i)   length of his/her residence on Guam;
(ii)  his/her employment status and history, and financial condition;
(iii) his/her family ties and relationships;
(iv)  his/her reputation, character and mental and physical condition;
(v)   his/her prior criminal record; if any, including any record of prior release on recognizance or on bail;
(vi)  his/her history relating to drug or alcohol abuse;
(vii)  the identity of the reasonable members of the community who will vouch for his/her reliability;
(viii) whether, at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and
(ix)  his/her history of compliance with other Court orders.

## CONCLUSION

For the foregoing reasons the Court now enters the following order: revoking the terms of Defendant's pretrial release and re-setting a cash-secured bail in the amount of $5,000.00. Upon posting the secured bond Defendant shall be released under the standard conditions set by this Court on September 2, 2014. Further proceedings in this matter are hereby set for _January 15_, 2015 at _9:00_ A m.

**SO ORDERED** this _12_ of _Dec._ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of: #6, PDSC

Date: 12/15/14  Time: 11 A

Deputy Clerk, Superior Court of Guam